UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 09-5740-VBF(CWx)**                                   Dated: **September 21, 2009**

Title:   Nexgen Metals, Inc. -v- Depot Metals, LP, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                       None Present

**PROCEEDINGS (IN CHAMBERS):**   **TENTATIVE RULING ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE [Doc. 9]**

**I.   Tentative Ruling**

　　　After reading the papers filed, including Defendants' Motion (Doc. 9), Plaintiff's Opposition (Docs. 15, 16), and Defendants' Reply (Doc. 19), the Court's TENTATIVE rulings are as follows:

　　1.   GRANT the Motion to Dismiss as to the individual Defendants Joe Tresten and Bill Tresten, finding that Plaintiff has failed to establish a prima facie case of either specific or general jurisdiction as to these Defendants.

MINUTES FORM 90                                                           Initials of Deputy Clerk   rs
CIVIL - GEN

    2.    GRANT the Motion to Dismiss as to Defendant Depot Metals, finding that Plaintiff has failed to establish a prima facie case of specific or general jurisdiction as to the entity Defendant.  Viewing the facts in the light most favorable to the Plaintiff, the Plaintiff, Nexgen Metals, Inc., has not shown that Defendant Depot Metals purposefully availed itself of the privileges of doing business in California, as required to establish the minimum contacts necessary for specific jurisdiction.

**The Court invites oral argument, particularly as to the jurisdictional question pertaining to Defendant Depot Metals.**

In light of the Court's tentative ruling on the Motion to Dismiss, the Motion to Transfer is moot and would be taken off calendar.

II.    Background

Plaintiff Nexgen Metals, Inc. ("Nexgen") is a California corporation with its principal place of business in Torrance, California.  *See* Compl., ¶ 1.  Defendant Depot Metals, LP, is a Texas limited partnership with its principal place of business in Texas.  *Id.*, ¶ 2 & Doc. 10 (Defendants' Response to OSC Re Jurisdiction). Nexgen is a distributor of steel.  Compl., ¶ 13. Defendant Depot Metals buys and sells stainless steel coil, strip, sheet and plate.  *See* Motion at 2:7-13.  Defendant William ("Bill") Tresten is one of Depot Metals' two limited partners.  *Id.*  Defendant Joseph ("Joe") Tresten is Nexgen's sole full-time sales person, based in Depot Metals' Colorado office.  *Id.* at 3:5-12.  Defendants Joe Tresten and Bill Tresten are alleged to be citizens of Colorado and Texas, respectively.  *See* Defendants' P&A ("Motion"), 3:5-12; Notice of Removal at 3.

In August 2008, Nexgen offered to sell Depot Metals stainless steel products.  *See* Motion at 2*;* Compl., ¶¶ 13-14.  According to the Complaint, Depot Metals eventually entered into two contracts with Nexgen for the purchase of steel products, to be shipped from a steel mill in Korea to Depot Metals in Texas.  *Id.* After the goods arrived in Texas on November 5, 2008 and November 17, 2008, Depot Metals informed Nexgen that Depot Metals would not be able to fulfill its obligations and refused to accept the goods.  *Id.* at ¶¶ 14-19.  After some negotiations, Depot Metals accepted the goods, and Nexgen and Depot Metals worked together to attempt to sell the goods to other purchasers to offset the amount due by Depot Metals.  *Id.*  ¶¶ 20-22.  Nexgen alleges it has performed all of its obligations under the terms of the two agreements.  *Id.*  Nexgen also alleges that Depot Metals owes Nexgen approximately $176,066.40, pursuant to the agreements, representing the difference between the stated prices in the agreements and the amount Nexgen recouped as a result of its mitigation efforts. *Id.*

Nexgen filed its Complaint for breach of contract, breach of the implied covenant of good faith and fair dealing, accounts stated, and open book, in Superior Court on July 21, 2009. Defendants Depot Metals, LP, Joe Tresten and Bill Tresten (collectively, "Defendants"), removed to this Court on August 5, 2009 on the basis of diversity jurisdiction.

On August 25, 2009, Defendants filed this Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Transfer Venue (Doc. 9). Plaintiff filed opposition papers on September 4, 2009 (Docs. 15, 16). Defendants filed a Reply on September 14, 2009 (Doc. 19).

III.   Motion to Dismiss for Lack of Jurisdiction

   A.   Personal Jurisdiction

      1.   Legal Standard

Plaintiff has the burden of establishing that this Court has personal jurisdiction over the Defendants. *Doe, I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)(per curiam)("*Doe*").

Where the district court decides a motion to dismiss for lack of jurisdiction without first holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss." *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant[s]." *Doe,* 248 F.3d at 922.  Plaintiff's version of the facts is taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *Id.* (quotations omitted).

Where no applicable federal statute governs personal jurisdiction, as in this case, "the law of the state in which the district court sits applies." *Harris Rutsky*, 328 F.3d at 1129. California's long-arm statute "allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Id.*; *see also* Cal. Code Civ. Pro. § 410.10.

In order to subject a non-resident defendant to a judgment, due process requires that he have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

      a.      General Jurisdiction

A court has general jurisdiction over a nonresident defendant where the defendant engages in "continuous and systematic general business contacts . . . that approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)(citations and quotations omitted). "This is an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*; *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

Plaintiff alleges that this Court has general jurisdiction over Defendants. *See, e.g.,* Opp., 5:18-6:17 ("the Court must exercise general jurisdiction in this case") & Opp. 10:22-11:17. Plaintiff states that "it would be premature at this juncture to dismiss the case without permitting Nexgen to conduct proper discovery to determine whether other sales were made to California," based on Defendants' representations that California accounts for only a small portion of its business. *Id.* Plaintiff does not provide sufficient analysis or authority for such a request, however. *See* Opp., 11:9-17. Further, the request also lacks merit based on the Court's findings, set forth below.

The Court finds that Defendants' business contacts with California are not sufficient to approximate physical presence here, and that general jurisdiction does not exist over Defendants. This decision is appropriate without further evidence as to Defendant Depot Metals' sales in California. Depot Metals is not authorized to do business in California, nor is it registered with the California Secretary of State. *See* W. Tresten Decl., ¶ 3. Defendants do not have a business office or any employees in California. *Id.* at ¶ 4. No employees visit California regularly as part of their job. *Id.*, ¶ 6. Depot Metals does not advertise its services or products in written publications, on the radio, or on cable and/or television. *Id.*, ¶ 7. Depot Metals' website provides information about the company and its inventory, and is accessible to California residents, but customers may not place orders on the website. *Id.* Depot Metals does not direct advertising or marketing to customers in California. *Id.* Defendants' sales activities in California account for less than 2% of total revenues, and are a result of customers who initiated contact with Depot Metals. *Id.* at ¶¶10-11.

Plaintiff's Complaint does not allege additional facts with respect to the two Individual Defendants, nor does Plaintiff submit any supplemental evidence to support a finding of general jurisdiction as to the Individual Defendants.

Accordingly, as Plaintiff has not shown that any of the Defendants engage in "continuous and systematic general business contacts" approximating "physical presence" in California, Plaintiff has

failed to establish a prima facie case of general jurisdiction as to the Defendants. *Schwarzenegger*, 374 F.3d at 801.

    b.  Specific Jurisdiction

The Ninth Circuit applies the following three-part test to determine whether the district court can exercise specific jurisdiction over the Defendant:

> **(1)** the non-resident defendant must **purposefully direct** his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he **purposefully avails** himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; **(2)** the claim must be one which **arises out of or relates to** the defendant's forum-related activities; and **(3)** the exercise of jurisdiction must comport with **fair play and substantial justice**, i.e. it must be reasonable.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993)(quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987))(emphasis added).

Plaintiff bears the burden to establish the first two factors. If a plaintiff establishes those factors, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would be "unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. at 477; *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

Here, Plaintiff Nexgen must first establish that the Defendants purposefully availed[1] themselves of the privilege of conducting activities in California. *Schwarzenegger*, 374 F.3d at 802. "A showing that a defendant purposeful availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or

---

[1] Although the phrase "purposeful availment" is often used to refer to both purposeful availment and purposeful direction, they are, "in fact, two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract," while a purposeful direction analysis is generally used in cases sounding in tort. *Schwarzenegger*, 374 F.3d at 802 (citing *Doe v. Unocal Corp.,* 248 F.3d 915, 924 (9th Cir. 2001)). Because this is a contract action, the "purposeful availment" analysis is applied, and the Court will not apply the "effects" test commonly used in tort cases. *Id.*; *see also Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).

performing a contract there." *Id.* By taking such actions, a defendant "invok[es] the benefits and protections of [the forum state's] laws," *Hanson v. Denckla*, 357 U.S. 235 (1958), and in return, a defendant must "submit to the burdens of litigation in that forum." *Burger King*, 471 U.S. at 476.

The Supreme Court in *Burger King* identified the following factors Courts should evaluate in determining whether a defendant purposefully availed itself with a forum state: (1) prior negotiations; (2) contemplated future consequences; (3) the terms of the contract; and (4) the parties' actual course of dealing. *Burger King*, 471 U.S. at 479; *see also J.G. Boswell Tomato Co. v. Private Label Foods, Inc.*, 2008 U.S. Dist. LEXIS 66103 (E.D. Cal. 2008).

Plaintiff does not point to any conduct by the Individual Defendants that would suggest that they purposefully availed themselves of the privilege of doing business in California. Plaintiff has failed to establish a prima facie case of specific jurisdiction as to the Defendants Joe Tresten and Bill Tresten. Accordingly, the Defendants' Motion to Dismiss the Complaint as to Defendants Joe Tresten and Bill Tresten would tentatively be GRANTED.

The Court now turns to an analysis of the relevant factors with respect to whether Defendant Depot Metals purposefully availed itself of the privilege of doing business in California.

When considering the first factor - contract negotiations - courts typically consider (1) the extensiveness of negotiations; (2) the location of the negotiations; and (3) whether the defendant traveled to the forum. *Naumes Inc. v. Alimentos Del Caribe*, 77 F. Supp. 2d 1158, 1162 (D. Or. 1999)(citing *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1320 (9th Cir. 1998)). No one factor is dispositive.

Plaintiff offers little analysis regarding the parties' contract negotiations. Viewing the facts as stated by Plaintiff, Nexgen initially contacted Defendants about the possibility of conducting business together in July 2008. *See* Opp. 2 & Chang Decl. Plaintiff asserts that numerous telephone, email and facsimile communications took place regarding the parties' purchase agreements. Opp. 2:6-27. However, the "use of the mails, telephone, or other intentional communications simply do not qualify as purposeful activity invoking the benefits and protection of the state." *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980); *Floyd J. Harkness Co. v. Amezcua*, 131 Cal. Rptr. 667, 670 (1976).

The contract was negotiated by Nexgen, located in California, and Depot Metals, via their offices in either Colorado or Texas. It is undisputed that Defendants never traveled to California to negotiate the contract. *See* Motion, 7:23-8:2.

Considering the relevant factors, the Court finds that the parties' prior negotiations weigh against as finding of purposeful availment by Defendants of the privilege of doing business in California.

The second factor considers the future consequences contemplated by the parties' agreements. Here, the two purchase agreements between the parties were for the one-time sale of goods, as opposed to contracts for continual business. The factual allegations suggest that the contracts were stand-alone, separate purchase orders. *See* Compl., ¶ 13. This weighs against a finding of purposeful availment. *See, e.g., Harris Rutsky*, 328 F.3d at 1130 (purposeful availment where defendant had "numerous 'ongoing obligations to [California] residents'"); *Burger King*, 471 U.S. at 480 (purposeful availment when franchisee entered into structured 20-year relationship that envisioned continuing contacts with Florida-based franchisor); *Boswell*, 2008 U.S. Dist. LEXIS 66103, * (E.D. Cal. Aug. 4, 2008).

The third factor in the purposeful availment analysis considers the terms of the contract. Here, neither party has submitted the purchase agreements for the Court's consideration. *See* Notice of Removal (Doc. 1)(no contract attached to Complaint). The factual allegations suggest that the goods were to be manufactured in Korea and sent to Texas. There is no evidence to suggest that the contract was to be performed in California - for example, that the goods were to be shipped to California. *See, e.g.,* Compl., ¶¶ 13-14; W. Tresten Decl., ¶ 12; Motion at 7-8. Plaintiff asserts that payment was to be made to Nexgen in California upon 30 days of receipt. *See, e.g.,* Chiang Decl., ¶ 6. However, it is not clear if payment *in California* was a term of the agreement, or whether the contract simply specified payment *to Nexgen*, who happens to be located in California. Defendants also dispute Plaintiff's assertion, stating that the parties' contract did not specify that Depot Metals was to pay for the goods "in California," and that neither the purchase orders nor the invoices reflected a place for payment. *See* Suppl. J. Tresten Decl., ¶ 6; Reply 3:11-18.

In light of these facts, the Court finds that the terms of the contract do not weigh in favor of a finding of purposeful availment. *See, e.g., Colt Studio, Inc. v. Badpuppy Enterprises*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999)(conclusory allegations insufficient to establish personal jurisdiction); *Boswell*, 2008 U.S. Dist. LEXIS 66103 at *25 (contractual terms specifying F.O.B. in forum state support finding for purposeful availment")(citing *Taubler v. Giraud*, 655 F.2d 991, 995 (9th Cir. 1981)).

The final factor in the purposeful availment analysis considers the parties' actual course of dealings. *Burger King*, 471 U.S. at 480-81. Here, Plaintiff argues that following Defendants' alleged breach of the purchase agreements, the parties coordinated to sell the goods to third party buyers, and that some of the goods were ultimately sold and delivered to California companies in California. *See*

Chang Decl., ¶¶ 15-16; Opp., 4:3-5:3. Defendants, on the other hand, argue that Plaintiff negotiated the sale of the goods to businesses in California, and that Depot Metals "played no role in the post-contract sale or shipment of any of the coils to California." *See* Reply at 3:26-4:6; Supp. W. Tresten Decl., ¶ 8.

Although a closer question is presented as to whether the parties' actual course of dealings weigh in favor of purposeful availment, the Court concludes that it does not. Although some of the goods at issue ultimately ended up in California, Plaintiff has not sufficiently alleged facts or submitted evidence to support a finding that the goods were sent to California as a result of Defendants' actions. As the Ninth Circuit stated in *Gonzalez*, "only the defendant's purposeful activities in the forum state, and not the plaintiff's actions, can justify the exercise of jurisdiction." *Gonzalez*, 614 F.2d at 1251; *Burger King*, 471 U.S. at 480-81. Accordingly, the parties' actual course of dealings weighs against a finding of purposeful availment.

In sum, the Court finds that neither the parties' prior negotiations, contemplated future consequences, contract terms, nor actual course of dealings weigh in favor of a finding that Depot Metals purposefully availed itself of the privileges of doing business in California. After examining these factors, the Court concludes that Plaintiff has not met its burden of showing that Defendant Depot Metals purposefully availed itself of the privilege of doing business in California. Accordingly, the Court's TENTATIVE is to GRANT the Motion to Dismiss as to Defendant Depot Metals.

Concluding that Plaintiff has not shown purposeful availment, the Court need not decide the remaining factors, including the second and third prong of the specific jurisdiction analysis.